**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHYNGYZ ZHUNUEV,<br><br>　　　　　　　　Petitioner,<br><br>　v.<br><br>SIDNEY AKI, *et al.*,<br><br>　　　　　　　　Respondents. | Case No. 26-cv-01142-BAS-MMP<br><br>**ORDER GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 5)** |

　　　　Petitioner Chyngyz Zhunuev filed a habeas petition pursuant to 28 U.S.C. § 2241, claiming he was improperly re-detained in immigration custody after being released almost three years ago. (ECF No. 1.) He simultaneously filed a Motion for a Temporary Restraining Order ("TRO") seeking release from immigration custody. (ECF No. 2.) The Court denied the TRO to the extent it requested ex parte relief and ordered a response, giving the parties notice that it would consolidate any Motion for Injunctive Relief with a determination on the merits under Rule 65(a)(2). (ECF No. 3.)

　　　　Petitioner then filed an Amended Petition (ECF No. 5) and an Amended Motion for a TRO (ECF No. 6). The Government filed a Response to the Amended Petition,

suggesting that Petitioner is a member of the class certified in *Maldonado Bautista v. Santacruz*, __ F. Supp. 3d___, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025). (ECF No. 7.) As such, the Government indicates "Petitioner is detained under 8 U.S.C. § 1226(a) and [is] entitled to an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)." (ECF No. 7.) For the reasons stated below, the Court **GRANTS** the Petition and orders that Petitioner be released on the same terms and conditions as he was previously released. In light of this ruling, the Court finds the Motions for a TRO (ECF Nos. 2, 6) are both moot.

## I. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). The writ is available to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody, and since he is seeking release from custody, he has standing to pursue this Petition.

## II. STATEMENT OF FACTS

Petitioner, a citizen of Kyrgyzstan, entered the United States on May 25, 2023, using the CBP One app seeking asylum. (ECF No. 5, ¶¶ 2, 4.) He was immediately released after Border Patrol determined he was not a flight risk or danger to the community. (*Id.* ¶ 22.) He was given work authorization and has been employed as a commercial truck driver. (*Id.* ¶ 24.) On February 16, 2026, the Department of Homeland Security ("DHS") re-detained Petitioner without notice or an opportunity to be heard and without any changed circumstances with respect to his flight risk or danger to the community. (*Id.* ¶ 5.) Petitioner seeks immediate release or a bond hearing.

### III. ANALYSIS

Although the Government seems to agree that Petitioner is entitled to a bond hearing, it bases its concession on its belief that Petitioner is part of the class certified in *Maldonado Bautista v. Santacruz*, __ F. Supp. 3d___, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025). (ECF No. 7.) However, the *Maldonado Bautista* class applied only to individuals who entered without inspection and were not apprehended upon arrival. *Id.* Petitioner was apprehended at the border upon arrival, so he does not appear to be part of the *Maldonado Bautista* class.[1] Nonetheless, this Court finds Petitioner's re-detention without notice or an opportunity to be heard and without noticeably changed circumstances violates Petitioner's due process rights.

Individuals released from custody, even where such release is conditional, have a liberty interest in continued liberty. *See, e.g.*, *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972) (parolees); *Young v. Harper*, 520 U.S. 143, 150 (1997) (pre-parolees); *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (probationers). Thus, this Court agrees with those courts that have held:

> [O]nce a noncitizen has been released, the law prohibits federal agents from rearresting him merely because he is subject to removal proceedings. Rather, the federal agents must be able to present evidence of materially changed circumstances—namely, evidence that the noncitizen is in fact dangerous or has become a flight risk, or is now subject to a final order of removal. And if the noncitizen disputes the notion that changed circumstances justify his rearrest, he is entitled to a prompt hearing before an Immigration Judge.

*Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176–77 (N.D. Cal. 2017); *see also Kamalpreet v. Singh*, No. 26-cv-1211-LL-JLB, 2026 WL 622687, at *1 (S.D. Cal. Mar. 5, 2026) ("Although the initial decision to detain or release an individual may be within the government's discretion, the government's decision to release an individual from custody creates an implicit promise, upon which that individual may rely, that their liberty will be revoked only if they fail to live up to the conditions of release." (citation modified) (quoting *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025))).

Because DHS released Petitioner upon finding he was not a flight risk or a danger to the community in May 2023, and because there is no evidence those circumstances have changed, Petitioner is entitled to remain released on the same conditions as he was initially released.  If DHS believes circumstances have changed, it must provide notice of these changed circumstances to Petitioner and provide Petitioner an opportunity to be heard promptly before an Immigration Judge.

## IV.  CONCLUSION

For the reasons stated above, Petitioner Chyngyz Zhunuev's Amended Petition for Writ of Habeas Corpus is **GRANTED**.  (ECF No. 5.)  Accordingly, the Court issues the following writ:

> The Court **ORDERS** Chyngyz Zhunuev (A# 244-059-805) be released on the same terms and conditions as he was ordered released in May 2023.

In light of this order, the Court **DENIES** the Motions for a TRO as moot.  (ECF Nos. 2, 6.)  The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

DATED: March 10, 2026

*[signature: Cynthia Bashant]*

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

---

[1] The Court notes additionally that the *Maldonado Bautista* class has been limited to the Central District of California and stayed with respect to all other potential class members. *Maldonado Bautista v. U.S. Dep't of Homeland Sec.*, No. 26-1044 (9th Cir. Mar. 6, 2026).  Hence, Petitioner is not a member of this class as he is located in the Southern District of California.